AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

DAVID EARL VARNER

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 06-30320-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence  that

This is a presumption case. Defendant is a 19 year old 10th grade drop-out who is unemployed.  His father, mother and cousin advised Pretrial Services that if release defendant cannot live with any of them. (The same cousin advised that for the past 6 months defendant has resided with her - but no more).  Third party custody is not an option. Defendant has used marijuana regularly (every other day) since the age of 10.  He completed a 6 month drug treatment program 2 years ago.  Varner actively pursued conspiracy and the plan to raid a drug house, delivered to his cohorts a shotgun stolen by another, and upon being arrested, threatened retaliation.  It was Varner who provided the zip ties to be used as handcuffs during the planned robbery. (Continue on page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 23, 2006 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

DAVID EARL VARNER 06-30320-02                                          PAGE 2

Flight risk is great as this defendant has no family member who will allow him to live with him/her.  His community ties are almost non-existent.   His drug usage and the nature of these charges, coupled with his threats of violent retaliation make him a danger.  No condition or combination of conditions will assure defendant's appearance of the safety of the community. **Detention is ORDERED.**